**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

IN RE:
LETTER OF REQUEST FOR JUDICIAL
ASSISTANCE FROM THE ELKHALIFA
FAMILY COURT, CIRCUIT NO. 33 IN
EGYPT, REF. NO. 5144/2014, DJ REF.
NO.: 189-24-15-1

Case No. 3:16-mc-27-J-34MCR

_____/

## O R D E R

**THIS CAUSE** is before the Court on the United States of America's Application for Appointment of Commissioner under 28 U.S.C. § 1782 (Doc. 1; Application). In the Application, the government requests that the Court, pursuant to 28 U.S.C. § 1782, appoint Assistant United States Attorney Shea Gibbons as a Commissioner "for purposes of gathering the requested evidence and taking all other necessary actions, including issuing necessary subpoenas and correspondence," pursuant to a letter rogatory[1] from the Elkhalifa Family Court in Cairo, Circuit No. 33, of Egypt (hereinafter, the "Egyptian Court"). See id. at 1; see also id. Exhibits A, B (Letter Rogatory).

Upon review of the Application and the Letter Rogatory, and the Court having fully considered this matter, it is hereby

**ORDERED**:

1. The United States of America's Application for Appointment of Commissioner under 28 U.S.C. § 1782 (Doc. 1) is **GRANTED** as follows.

---

[1] "A letter rogatory is the request by a domestic court to a foreign court to take evidence from a certain witness." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 248 n. 1 (2004) (quoting Jones, International Judicial Assistance: Procedural Chaos, and a Program for Reform, 62 Yale L.J. 515, 519 (1953)).

1

2. Pursuant to the authority conferred by 28 U.S.C. § 1782, and this Court's inherent authority, Assistant United States Attorney Shea Gibbons (or a substitute or successor designated by the Office of the United States Attorney) is appointed as Commissioner of this Court (hereinafter referred to as the "Commissioner") who shall have the power to issue subpoenas, administer any necessary oaths, and take testimony or statements in order to execute and fulfill the Letter Rogatory.  In addition to the Federal Rules of Civil Procedure, the following rules shall govern:

   a. The Commissioner may issue commissioner's subpoenas to be served within the Middle District of Florida on Merrill Lynch, ordering its representative(s) to appear, testify, and produce evidence related to or in satisfaction of the Letter Rogatory.  The subpoena shall provide notice of the relief available under subparagraph d.

   b. The Commissioner shall provide a copy of the subpoena to any person identified in the Letter Rogatory as a party to whom notice shall be given as well as any person whose information is the subject of the subpoena request.

   c. The Commissioner shall adopt procedures to collect the evidence requested consistent with its use in the proceeding for which the Egyptian Court has requested assistance, including those procedures specified in the Letter Rogatory or subsequent correspondence.

   d. Merrill Lynch may, for good cause shown, oppose the giving of evidence, or the circumstances thereof, by motion timely filed with this Court.

      e. The government may seek such further orders of this Court as may be necessary to execute the Letter Rogatory, including orders to show cause why persons served with Commissioner's subpoenas who fail to produce evidence should not be held in contempt.

      f. The government shall certify and submit the evidence collected to the Office of International Judicial Assistance, U.S. Department of Justice, or as otherwise directed by that office for transmission to the Egyptian Court.

      g. The government may disclose copies of this Order as necessary to comply with these procedures or accomplish the purposes of the Letter Rogatory.

3. In all other respects, the United States of America's Application for Appointment of Commissioner under 28 U.S.C. § 1782 (Doc. 1) is **DENIED**.

DONE and ORDERED in Jacksonville, Florida, this 31st day of May, 2016.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

lc20

Copies to:

U.S. Attorney (Gibbons)